IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | : CHAPTER 11 |
| E.SPIRE COMMUNICATIONS, INC., *et al.*,: | Case No. 01-0974 (DDS) |
| Debtors. | (Jointly Administered) |
| Gary Seitz, as Chapter 11 Trustee of E.SPIRE COMMUNICATIONS INC., | |
| Plaintiff, | Civil Action No.: 05-107 (SLR) |
| v. | |
| Sean Scarlis, Anthony Pompliano, David Piazza and Bradley Sparks, | Adversary Case No.: 04-53928 (DDS) |
| Defendants. | |
| | Objection Deadline: April 24, 2005 at 4:00 p.m. |
| | Hearing Date: Only if an objection is filed. |

**MOTION OF CHAPTER 11 TRUSTEE TO APPROVE A COMPROMISE AND SETTLEMENT BETWEEN THE TRUSTEE AND SEAN SCARLIS, ANTHONY POMPLIANO, DAVID PIAZZA, BRADLEY SPARKS AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.**

Gary F. Seitz, the chapter 11 trustee ("Chapter 11 Trustee") of e.Spire Communications, Inc. ("e.Spire"), a Delaware corporation, and its subsidiaries and affiliates (collectively, the "Debtors"), hereby moves (the "Motion") this Court for an Order, pursuant to sections 105(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving a compromise and settlement by and between the Chapter 11 Trustee and Sean Scarlis, Anthony Pompliano, David Piazza, Bradley Sparks (collectively, the "Defendants") and National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union," and collectively with the Defendants, the

582450v2

"Parties") as provided in the settlement agreement and release between the Chapter 11 Trustee and the Parties (the "Settlement").[1] In support of the Motion, the Chapter 11 Trustee respectfully represents as follows:[2]

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this matter and these cases pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

## BACKGROUND

2.  Prior to their bankruptcy filing, the Debtors were telecommunications companies.

3.  On March 22, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court") (Case No.: 01-0974).

4.  As of the Petition Date, the Debtors were the owners of two directors, officers and corporate liability insurance policies issued by National Union (i) Policy No. 858-26-05 (the "1999-2001 Policy") and (ii) Policy No. 214-20-74 (the "2002-2003 Policy"), which both provide certain insurance coverage, subject to certain exclusions, to the Debtors, as well as their directors and officers.

5.  On March 21, 2003, Gary F. Seitz, Esquire was appointed as the Chapter 11 Trustee pursuant to section 1004 of the Bankruptcy Code.

---

[1] A true and correct copy of the Settlement is attached hereto as Exhibit A. The Settlement is incorporated herein by reference.

[2] The Chapter 11 Trustee previously filed this Motion in bankruptcy proceeding 01-0974 (DDS) pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and styled as *In re e.Spire Communications, Inc., et al.* The Motion was simultaneously filed in the DEC Action (as defined herein). Since the DEC Action is proceeding in the Bankruptcy Court, the Chapter 11 Trustee has concomitantly sought this Court's and the Bankruptcy Court's approval of the Settlement.

6. By order dated July 8, 2003, the Bankruptcy Court authorized the Chapter 11 Trustee to engage special counsel to investigate, and if appropriate, to pursue causes of action against, among others, the Defendants (the "D&O Claims").

7. On June 11, 2004, the Chapter 11 Trustee filed a complaint, (Adversary Proceeding No. 04-53928) (the "D&O Complaint"), wherein the D&O Claims were asserted against the Defendants (the "D&O Action"). The D&O Complaint alleges, *inter alia*, that the Defendants violated their fiduciary duties of care and loyalty to e.Spire and that e.Spire was damaged thereby. The Chapter 11 Trustee subsequently served the D&O Complaint on each of the Defendants.

8. On September 2, 2004, the Chapter 11 Trustee also filed a complaint (Adversary Proceeding No. 04-55082) (the "DEC Action") seeking a declaratory judgment that (i) the Debtors' 2002-2003 Policy is property of the Debtors' bankruptcy estates; and (ii) that the insured v. insured exclusion in the 2002-2003 Policy does not apply to the D&O Claims.

9. On November 12, 2004, Defendants filed a Motion for the Determination of Non-Core Status on the basis that the Chapter 11 Trustee's claims in the D&O Action do not involve substantive rights under the Bankruptcy Code, the claims arose outside the bankruptcy context and did not implicate the bankruptcy court's special expertise. On the same date, Defendants filed a Motion for Withdrawal of the Reference of Adversary Proceedings, arguing that the D&O Action should be heard in the District Court because (i) the proceedings were non-core (ii) the defendants had requested a jury trial, and (iii) the considerations of efficiency and fairness weighed in favor of withdrawal. Additionally, on November 24, 2004, Defendants filed a Motion for an Order Authorizing Advancement of Defense Costs Under Directors, Officers and Corporate Liability Policy.

10. Thereafter, the Chapter 11 Trustee and the Parties engaged in extensive settlement discussions, and now desire to resolve all claims, potential claims, defenses and counterclaims and to avoid the additional time, expense and uncertainty of the outcome of further litigation.

11. On November 12, 2004, Sean Scarlis, Anthony Pompliano, David Piazza and Bradley Sparks, by and through their respective counsel, filed a Motion for Withdrawal of the Reference of Adversary Proceeding (the "Withdrawal Motion") in the Bankruptcy Court to withdraw the reference of the D&O Action to this Court. On March 16, 2005, this Court granted the Withdrawal Motion.

## RELIEF REQUESTED

12. By this Motion, the Chapter 11 Trustee seeks this Court's approval of the Settlement pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019.

13. This Motion presents no novel issues of law beyond the Bankruptcy Rules and Bankruptcy Code sections cited herein, and therefore, the Parties waive the right to file a brief pursuant to Local District Court Rule 7.1.2(a) requiring the filing of a memoranda of law.

## THE LEGAL STANDARDS FOR APPROVING
## THE SETTLEMENT AGREEMENT

14. Settlements in bankruptcy are favored as a means of minimizing litigation, expediting the administration of the bankruptcy estate, and providing for the efficient resolution of bankruptcy cases. *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *In re Mavrode*, 205 B.R. 716, 719 (Bankr. D.N.J. 1997). To achieve these results, Bankruptcy Rule 9019(a) empowers a bankruptcy court to approve a compromise or settlement by a debtor after notice and a hearing. FED. R. BANKR. P. 9019(a).

15. In applying this rule, a bankruptcy court should approve a settlement if it is fair and equitable, and is in the best interest of the estate. *In re Cajun Electric Power Cooperative, Inc.*, 119 F.3d 349, 355 (5th Cir. 1997). To properly make this determination, a bankruptcy judge "must assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Id.* at 356. *See also Martin*, 91 F.3d at 393.

16. The United States Court of Appeals for the Third Circuit has provided four criteria that a bankruptcy court must consider to approve a stipulation/settlement. Specifically, the bankruptcy court must examine: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors. *Martin*, 91 F.3d at 393.

17. In addition to these criteria, courts have scrutinized additional factors. These additional factors include: (1) the competency and experience of counsel who support the settlement; (2) the relative benefits to be received by individuals or groups within the class; (3) the nature and breadth of releases to be obtained by the parties to the settlement; and (4) the extent to which the settlement is the product of arm's length bargaining. *In re 47-49 Charles Street, Inc.*, 209 B.R. 618, 620 (S.D.N.Y. 1997); *In re Spielfogel*, 211 B.R. 133, 144 (Bankr. S.D.N.Y. 1997); *In re Dow Corning Corp.*, 198 B.R. 214, 223 (Bankr. E.D. Mich. 1996).

18. When applying the above criteria to the facts of a particular case, a bankruptcy court does not have to conduct a mini-trial to determine the probable outcome of any claims waived in the settlement. *Cajun Electric Power Cooperative, Inc.*, 119 F.3d at 356. Nor does a

bankruptcy court have to conduct an evidentiary hearing as a prerequisite to approving a settlement. *In re Depositer*, 36 F.3d 582, 586 (7th Cir. 1994).

19.    The bankruptcy court must, however, gather all of the relevant facts and law so that it can make an informed, intelligent, and objective decision with respect to approving the settlement. *Depositer*, 36 F.3d at 586. *See also Cajun Electric Power Cooperative*, 119 F.3d at 356. In the present matter, the Settlement falls well within the lowest point in the range of reasonableness and, accordingly, should be approved.

20.    Authorization of the Settlement is in the best interests of the estates and its creditors because the Settlement consensually resolves the D&O Action and the DEC Action without the need for costly and time-consuming litigation. It provides for payment of the sum of two million eight hundred thousand dollars, ($2,800,000.00), releases to the estates and avoids the uncertainties attendant with litigation. The Settlement certainly falls well within the range of reasonable settlements. In view of the foregoing, the Chapter 11 Trustee respectfully submits that approval of the Settlement is warranted.

WHEREFORE, the Chapter 11 Trustee respectfully requests that this Court enter an order (i) granting the Motion in its entirety; (ii) approving the Settlement; (iii) authorizing the Chapter 11 Trustee to execute any other documents and take such actions reasonably necessary to effectuate the Settlement; and (iv) granting such other relief as this Court deems just and appropriate under the circumstances.

Dated: April 4, 2005                          THE BAYARD FIRM

_____
Charlene D. Davis (No. 2336)
Daniel K. Astin (No. 4068)
Anthony M. Sacullo (No. 4141)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000

*Attorneys for Gary F. Seitz, Chapter 11 Trustee*