# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into this ____ day of March, 2005 by and between: (i) Gary Seitz, in his capacity as Chapter 11 Trustee (the "Trustee") of the bankruptcy estate of e.spire Communications, Inc. ("E.spire", the "Company" or the "Debtor"), (ii) Sean Scarlis, Anthony Pompliano, David Piazza and Bradley Sparks (collectively, the "Defendants"), and (iii) National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") (collectively, the "Parties"). IT IS UNDERSTOOD BY THE PARTIES THAT THIS AGREEMENT AND THE RELEASES HEREUNDER ARE SUBJECT TO, AND WILL ONLY TAKE EFFECT UPON, APPROVAL OF THIS AGREEMENT BY AN ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE WHICH HAS BECOME FINAL.

## RECITALS

A.  E.spire was, prior to its bankruptcy filing, a communications company.

B.  On March 22, 2001 (the "Petition Date"), E.spire filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court")(Case 01-0974).

C.  On March 20, 2003, Gary Seitz, Esq. was appointed as the Chapter 11 Trustee pursuant to section 1104 of the Bankruptcy Code.

D.  As of the Petition Date, the Debtor was the owner of two directors, officers and corporate liability insurance policies issued by National Union: (i) Policy No. 858-26-05 (the "1999-2001 Policy"); and (ii) Policy No. 214-20-74 (the "2002-2003 Policy"), which both provide certain insurance coverage, subject to certain exclusions, to the Debtor, as well as its directors and officers.

E.  By Order dated July 8, 2003, the Court authorized the Trustee to engage special counsel to investigate, and if appropriate, to pursue causes of action against, among others, the Defendants (the "D&O Claims").

F.  On June 11, 2004, an adversary complaint was filed by the Trustee (Adversary Proceeding No. 04-53928) (the "D&O Complaint") wherein the D&O Claims were asserted against the Defendants (the "D&O Action"). Among other things, the D&O Complaint alleges that the Defendants violated their fiduciary duties of care and loyalty to E.spire and that E.spire was damaged thereby. The Trustee subsequently served the D&O Complaint on each of the Defendants. The D&O Action was withdrawn by order of the District Court, dated March 16, 2005, and is now docketed as Civ. No. 05-107 (SLR).

G.  On September 2, 2004, the Trustee filed a complaint (Adversary Proceeding No. 04-55082) (the "DEC Action") seeking a declaratory judgment that (1) the debtors' 2002-2003 Policy is property of the Debtors' bankruptcy estate; and (2) that the insured v. insured exclusion in the 2002-2003 Policy does not apply to the claims made in the D&O Complaint.

1

H.  On November 12, 2004, Defendants filed a Motion for Determination of Non-Core Status in the Court on the basis that the Trustee's claims in the D&O Action did not involve substantive rights under the Bankruptcy Code, did not arise outside the context of bankruptcy, and did not implicate the Bankruptcy Court's special expertise. On the same date, Defendants filed a Motion for Withdrawal of the Reference of Adversary Proceedings, arguing that the D&O Action should be heard in the District Court because (i) the proceedings were non-core, (ii) defendants requested a jury trial, and (iii) considerations of efficiency and fairness weighed in favor of withdrawal. Additionally, on November 24, 2004, Defendants filed a Motion for an Order Authorizing Advancement of Defense Costs Under Directors, Officers and Corporate Liability Policy.

I.  Thereafter, the Parties engaged in extensive settlement discussions, and now desire to resolve all claims, potential claims, defenses and counterclaims and to avoid the additional time, expense and uncertainty of the outcome of further litigation.

THEREFORE, in consideration of the foregoing and the promises and covenants contained in this Agreement, and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

## 1.0 SETTLEMENT PAYMENT

1.1  Within thirty (30) days after the Bankruptcy Court's order approving this Agreement has become final, National Union shall pay two million eight hundred thousand dollars ($2,800,000) to the Trustee (the "Settlement Payment"). ("Final", as used in this Agreement in connection with orders, means no longer subject to appeal.) National Union shall also pay all reasonable Defense Costs incurred by the Defendants in defense of the D&O Action.

## 2.0 RELEASES

2.1(a) By Defendants, Sean Scarlis, Anthony Pompliano, David Piazza, and Bradley Sparks as to the Trustee and Debtor: For valuable consideration, the receipt and sufficiency of which are hereby acknowledged, each of the Defendants, for themselves, their agents, employees, affiliates, successors and assigns (referred to in this Section 2.1(a) as "RELEASORS"), hereby releases, remises and forever discharges: (i) the Trustee, (ii) the Debtor and the bankruptcy estate, and (iii) each of the respective professionals, agents and employees of the other Parties (but not each of the party's own professionals, agents and employees) identified in (i)-(ii) (collectively, referred to in this Section 2.1(a) as "RELEASEES"), of and from any and all claims, acts, debts, demands, actions, causes of action, suits, dues, sum and sums of money, accounts, reckonings, bonds, covenants, contracts, controversies, agreements, promises, representations, restitutions, doings, omissions, variances, damages, and liabilities whatsoever of every name and nature, known or unknown, suspected or unsuspected, both in law and in equity which against the said RELEASEES, the said RELEASORS ever had or now have, or which the said RELEASORS, hereafter can, shall or may have in their own name or names or in the name of or through or by or on behalf of any other entity, natural or

2

corporate, from the beginning of the world to the date upon which the Bankruptcy Court's order approving this Agreement becomes final, including but without limiting the generality of the foregoing, of and from any and all claims which are the subject of, are involved in, arise out of, or are connected with the Debtor, the Debtor's Chapter 11 Case, proofs of claim, if any, filed by the Defendants, or the allegations made in the D&O Action.

2.1(b) By Defendants, Sean Scarlis, Anthony Pompliano, David Piazza, and Bradley Sparks as to National Union: For valuable consideration, the receipt and sufficiency of which are hereby acknowledged, each of the Defendants, for themselves, their agents, employees, affiliates, successors and assigns (referred to in this Section 2.1(b) as "RELEASORS"), hereby releases, remises and forever discharges: (i) National Union, and (ii) each of the respective professionals, agents and employees of National Union (but not each of the party's own professionals, agents and employees) (collectively, referred to in this Section 2.1(b) as "RELEASEES"), of and from any and all claims, acts, debts, demands, actions, causes of action, suits, dues, sum and sums of money, accounts, reckonings, bonds, covenants, contracts, controversies, agreements, promises, representations, restitutions, doings, omissions, variances, damages, and liabilities relating solely to the claims in the D&O Action, both in law and in equity which against the said RELEASEES, the said RELEASORS ever had or now have, or which the said RELEASORS, hereafter can, shall or may have in their own name or names or in the name of or through or by or on behalf of any other entity, natural or corporate, from the beginning of the world to the date upon which the Bankruptcy Court's order approving this Agreement becomes final.

2.2(a) By Plaintiff Gary Seitz, as Chapter 11 Trustee of the estate of E.spire Communications, Inc. as to the Defendants, Sean Scarlis, Anthony Pompliano, David Piazza, and Bradley Sparks: For valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and subject to the provisions of Section 1.0 herein, Gary Seitz, Chapter 11 Trustee of the bankruptcy estate of the Debtor, for himself, the Debtor and the bankruptcy estate, and each of their agents, employees, affiliates, successors and assigns (referred to in this Section 2.2(a) as the "RELEASORS"), each hereby releases, remises and forever discharges. (i) each of the Defendants, and (ii) each of their respective professionals, agents and employees (collectively, referred to in this Section 2.2(a) as "RELEASEES"), of and from any and all claims, acts, debts, demands, actions, causes of action, suits, dues, sum and sums of money, accounts, reckonings, bonds, covenants, contracts, controversies, agreements, promises, representations, restitutions, doings, omissions, variances, damages, and liabilities whatsoever of every name and nature, known or unknown, suspected or unsuspected, both in law and in equity which against each of the said RELEASEES, each of the said RELEASORS ever had or now has, or which the said RELEASORS, hereafter can, shall or may have in their own name or names or in the name of or through or by or on behalf of any other entity, natural or corporate, from the beginning of the world to the date upon which the Bankruptcy Court's order approving this Agreement becomes final, including but without limiting the generality of the foregoing, of and from any and all claims which are the subject of, are involved in, arise out of, or are connected with the Debtor, the Debtor's Chapter 11 Case, any proofs of claim filed by the Defendants, or the allegations made in the D&O Action.

2.2(b) By Plaintiff Gary Seitz, as Chapter 11 Trustee of the estate of E.spire Communications, Inc. as to National Union: For valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and subject to the provisions of Section 1.0 herein, Gary Seitz, Chapter 11 Trustee of the bankruptcy estate of the Debtor, for himself, the Debtor and the bankruptcy estate, and each of their agents, employees, affiliates, successors and assigns (referred to in this Section 2.2(b) as the "RELEASORS"), each hereby releases, remises and forever discharges. (i) National Union, and (ii) each of its respective professionals, agents and employees (collectively, referred to in this Section 2.2(b) as "RELEASEES"), of and from any and all claims, acts, debts, demands, actions, causes of action, suits, dues, sum and sums of money, accounts, reckonings, bonds, covenants, contracts, controversies, agreements, promises, representations, restitutions, doings, omissions, variances, damages, and liabilities relating solely to the claims in the D&O Action and the DEC Action, including claims under the 1999-2001 Policy and the 2002-2003 Policy, both in law and in equity which against the said RELEASEES, the said RELEASORS ever had or now have, or which the said RELEASORS, hereafter can, shall or may have in their own name or names or in the name of or through or by or on behalf of any other entity, natural or corporate, from the beginning of the world to the date upon which the Bankruptcy Court's order approving this Agreement becomes final.

2.3 By National Union as to all other Parties: For valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and subject to the provisions of Section 1.0 herein, National Union, for itself, and each of its agents, employees, affiliates, successors and assigns (referred to in this Section 2.3 as "RELEASOR"), hereby releases, remises and forever discharges: (i) the Trustee, (ii) the Debtor and the bankruptcy estate, (iii) each of the Defendants, and (iv) each of their respective professionals, agents and employees (collectively, referred to in this Section 2.3 as "RELEASEES"), of and from all claims, acts, debts, demands, actions, causes of action, suits, dues, sum and sums of money, accounts, reckonings, bonds, covenants, contracts, controversies, agreements, promises, representations, restitutions, doings, omissions, variances, damages, and liabilities relating solely to the claims in the D&O Action and the DEC Action, both in law and in equity which against the said RELEASEES, the said RELEASOR ever had or now have, or which the said RELEASOR, hereafter can, shall or may have in their own name or names or in the name of or through or by or on behalf of any other entity, natural or corporate, from the beginning of the world to the date upon which the Bankruptcy Court's order approving this Agreement becomes final.

2.4 Subject to the provisions of Section 1.0 herein, this Agreement shall be effective as a bar to each and every claim, demand, and cause of action that the Parties may have against one another (except to the extent otherwise expressly provided in any of paragraphs 2.1 through 2.3, inclusive, hereof). The Parties expressly consent that this Agreement shall be given full force and effect according to each and all of its express terms and conditions, including those relating to unknown and unsuspected claims, demands, and causes of action, if any, as well as those relating to any other claims, demands and causes of action specified above.

### 3.0 NO ADMISSION OF LIABILITY

Nothing in this Agreement shall be construed as an admission of liability or wrongdoing by any of the Defendants in any action, including the D&O Action and the DEC Action, and each of the Defendants has vigorously denied and continues to deny any and all such liability or wrongdoing. Nothing in this Agreement, the actions taken to effect its terms, nor in the Court's approval hereof shall indicate or be a determination or finding of any wrongdoing or negligence on the part of any of the Defendants, which each of the Defendants continues to deny.

### 4.0 DISMISSAL OF PENDING LITIGATIONS

Upon receipt of the Settlement Funds, and the payment of Defense Costs referenced in Section 1.1, the releases set forth in Section 2.0 herein shall become effective (subject to the terms thereof) and: (i) the Trustee and the Defendants, shall execute, and the Trustee shall file a Stipulation of Dismissal with prejudice in the D&O Action and the DEC Action in the forms attached hereto as Exhibit A and Exhibit B, and (ii) any proof of claim filed by any Defendant in the Chapter 11 Case shall be deemed to be disallowed and expunged.

### 5.0 WARRANTY OF AUTHORIZATION

Except with respect to the Trustee, each person whose signature appears hereon represents and warrants that he or she has been duly authorized and has full authority to execute this Agreement on behalf of any entity or person on whose behalf this Agreement is executed.

### 6.0 NO ASSIGNMENT OF CLAIMS TO THIRD PARTIES

Each of the Parties hereby represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity any claim or cause of action released hereunder, and further agrees that if a Party does assign or transfer any claim or cause of action released hereunder, the Party (the "Assignor") will indemnify each of the other Parties hereto against any liability, loss damage, cost, or expense, including reasonable attorneys' fees, arising out of any breach by the Assignor of this representation and warranty. ENTIRE AGREEMENT

This Agreement constitutes and contains the entire Agreement and understanding between the Parties with respect to the subject matter hereof. This Agreement supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, whether written or oral, concerning the subject matter hereof.

### 7.0 GOVERNING LAW

This Agreement shall be governed by the laws of the State of Delaware. Any disputes or controversies which arise under or in connection with this Agreement will be decided exclusively by the United States Bankruptcy Court for the District of Delaware.

### 8.0  COOPERATIVE DRAFTING AND CONSTRUCTION

Each party has cooperated in the drafting and preparation of this Agreement. Hence, this Agreement shall not be construed against any party on the basis that one or more Parties was the principal draftsman. The headings are for the convenience of the Parties and are not to be used in construing the meaning of any provision of this Agreement.

### 9.0  EXECUTION IN COUNTERPARTS AND BY FACSIMILE

This Agreement may be signed in counterparts, and shall be effective when counterparts have been signed by all Parties. True and correct facsimile copies of signed counterparts may be used in place of the originals for any purpose,

### 10.0  NO WAIVER OR BREACH

No waiver of any breach of any term or provision of this Agreement shall be construed to be, nor shall be, a waiver of any other breach of this Agreement. No waiver shall be binding unless in writing and signed by the party waiving the breach.

### 11.0  INDEPENDENT LEGAL ADVICE

The Parties acknowledge that they have each been advised by their own independently selected counsel and other advisors in connection with this Agreement and enter into this Agreement solely on the basis of that advice and on the basis of their own independent investigation of all of the facts, laws and circumstances material to this Agreement or any provision thereof, and not in any manner or to any degree based upon any statement or omission by any other party and/or its counsel.

### 12.0  NOTICES

Any notice made by any party shall be considered proper and effective if in writing and mailed by certified mail addressed as shown below, or delivered in person or by facsimile transmission. All Parties agree to promptly notify each other party to this Agreement of any changes in the names or addresses of persons to be notified.

If to Trustee.               Gary Seitz, Esq.
                             Daniel K. Astin, Esq.,
                             The Bayard Firm
                             222 Delaware Avenue, Suite 900
                             Wilmington, DE 19801

|  |  |
|---|---|
|  | With a copy to: |
|  | Bijan Amini, Esq.<br>Avery Samet, Esquire<br>Storch, Amini & Munves, P.C.<br>2 Grand Central Tower, 25th Floor<br>New York, New York 10017 |
| If to National Union Fire<br>Insurance, Pa.: | Richard George, Esq.<br>Lewis Brisbois Bisgaard & Smith, LLP<br>199 Water Street, 25th Floor<br>New York, NY 10038 |
| If to Sean Scarlis and/or<br>Bradley Sparks: | Richard A. Spehr, Esq.<br>Mayer, Brown, Rowe & Maw LLP<br>1675 Broadway<br>New York, New York 10019 |
| If to Anthony Pompliano<br>And or David Piazza: | Brian D. Roche, Esq.<br>Sachnoff & Weaver, Ltd.<br>10 South Wacker Drive<br>Chicago, IL 60606-7502 |

Or to such changed address as shall have been designated by written notice to the other party.

**13.0   SUCCESSORS AND ASSIGNS**

No party hereto shall assign its obligations under this Agreement without the prior written consent of the other Parties, which consent shall not be unreasonably withheld or delayed. Except as otherwise provided herein, this Agreement shall be binding on and inure to the benefit of each of the Parties and their respective heirs, personal representatives, executors, successors and assigns.

**14.0   CONTINUING DISCOVERY OBLIGATIONS**

Notwithstanding anything herein to the contrary, nothing herein shall release any of the Defendants from giving any testimony or producing documents they may reasonably be called upon by the Trustee to do in the Chapter 11 Case, any adversary proceedings there under or any future conversions thereto. The Trustee may properly serve any subpoena calling for such production or testimony upon counsel by the means listed for purposes of "Notices" above who shall have full authority of the respective Defendant to accept such service. Notwithstanding anything herein to the contrary, Defendants hereby preserve all objections and defenses to any such subpoenas or other processes.

BY EXECUTING THIS AGREEMENT, EACH OF THE PARTIES ACKNOWLEDGES THAT IT HAS READ THIS AGREEMENT AND UNDERSTANDS ITS TERMS AND PROVISIONS.

Dated: March __, 2005        GARY SEITZ, Chapter 11 Trustee

                             _____
                             Gary Seitz

Dated: March __, 2005        NATIONAL UNION FIRE INSURANCE
                             COMPANY, PA.
                             By: AIG Domestic Claims, Inc.,
                                 Authorized Agent

                             _____
                             By: THOMAS McCORMACK
                                 ASSOCIATE VICE PRESIDENT

Dated: March __, 2005        SEAN SCARLIS

                             _____
                             Sean Scarlis

Dated: March __, 2005        **BRADLEY SPARKS**

                             _____
                             Bradley Sparks

Dated: March __, 2005        **ANTHONY POMPLIANO**

                             _____
                             Anthony Pompliano

Dated: March __, 2005        **DAVID PIAZZA**

                             _____
                             David Piazza

8

Received 04/11/2005 10:29PM in 00:52 on line [0] for JD006964 * Pg 2/2

Apr 11 05 10:29p                                                          p.2

APR-01-2005  12:27       STORCH AMINI & MUNVES         212 490 2618   P.09/09

BY EXECUTING THIS AGREEMENT, EACH OF THE PARTIES ACKNOWLEDGES THAT IT HAS READ THIS AGREEMENT AND UNDERSTANDS ITS TERMS AND PROVISIONS.

Dated: March ___, 2005          GARY SEITZ, Chapter 11 Trustee

                                _____
                                Gary Seitz

Dated: March ___, 2005          NATIONAL UNION FIRE INSURANCE
                                COMPANY, PA.
                                By: AIG Domestic Claims, Inc.,
                                    Authorized Agent

                                By:
Dated: April 11, 2005           SEAN SCARLIS
                                _____
                                Sean Scarlis

Dated: March ___, 2005          BRADLEY SPARKS

                                _____
                                Bradley Sparks

Dated: March ___, 2005          ANTHONY POMPLIANO

                                _____
                                Anthony Pompliano

Dated: March ___, 2005          DAVID PIAZZA

                                _____
                                David Piazza

8

TOTAL P.09

** TOTAL PAGE.03 **

APR 14 '05 14:08 FR MAYER,BROWN,ROWE&MAW 212 262 1910 TO 913026586395   P.02
APR-01-2005  12:27     STORCH AMINI & MUNVES           212 490 2518   P.09/09

BY EXECUTING THIS AGREEMENT, EACH OF THE PARTIES ACKNOWLEDGES THAT IT HAS READ THIS AGREEMENT AND UNDERSTANDS ITS TERMS AND PROVISIONS.

Dated: March __, 2005                GARY SEITZ, Chapter 11 Trustee

                                     _____
                                     Gary Seitz

Dated: March __, 2005                NATIONAL UNION FIRE INSURANCE
                                     COMPANY, PA.
                                     By: AIG Domestic Claims, Inc.,
                                         Authorized Agent

                                     _____
                                     By:

Dated: March __, 2005                SEAN SCARLIS


                                     _____
                                     Sean Scarlis

Dated: April 2, 2005                 BRADLEY SPARKS

                                     _____/s/_____
                                     Bradley Sparks

Dated: March __, 2005                ANTHONY POMPLIANO


                                     _____
                                     Anthony Pompliano

Dated: March __, 2005                DAVID PIAZZA


                                     _____
                                     David Piazza

8

TOTAL P.09

APR-08-05 10:40 FROM QUADRAMED Case 1:05-cv-00107-SLR    Document 15-2    Filed 04/15/2005    Page 12 of 18  ID:7037092490    PAGE 9/9

APR-01-2005 12:27    STORCH AMINI & MUNVES    212 490 2619    P.09/09

BY EXECUTING THIS AGREEMENT, EACH OF THE PARTIES ACKNOWLEDGES THAT IT HAS READ THIS AGREEMENT AND UNDERSTANDS ITS TERMS AND PROVISIONS.

Dated: March ___, 2005        GARY SEITZ, Chapter 11 Trustee

                              _____
                              Gary Seitz

Dated: March ___, 2005        NATIONAL UNION FIRE INSURANCE
                              COMPANY, PA.
                              By: AIG Domestic Claims, Inc.,
                                  Authorized Agent

                              By: _____

Dated: March ___, 2005        SEAN SCARLIS

                              _____
                              Sean Scarlis

Dated: March ___, 2005        BRADLEY SPARKS

                              _____
                              Bradley Sparks

Dated: March ___, 2005        ANTHONY POMPLIANO
                              [signature]
                              _____
                              Anthony Pompliano

Dated: March ___, 2005        DAVID PIAZZA
                              [signature]
                              _____
                              David Piazza

8

# "EXHIBIT A"
(to the Settlement Agreement)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>E.SPIRE COMMUNICATIONS, INC., et al.<br><br>Debtors. | Case No. 01-0974 (DDS)<br>Chapter 11<br>(Jointly Administered) |
| GARY SEITZ, as Chapter 11 Trustee,<br>of E.SPIRE COMMUNICATIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA.,<br><br>Defendant. | Adv. Pro. No. 04-55082 (DDS) |

## STIPULATION OF VOLUNTARY DISMISSAL

Gary F. Seitz, as Chapter 7 Trustee for the estate of E.spire Communications, Inc, a Delaware Corporation, and its subsidiaries and affiliates (collectively, the "Debtors") and National Union Fire Insurance Company of Pittsburgh, PA, by and through their respective undersigned counsel, hereby stipulate and agree that the above-referenced adversary proceeding is settled and hereby dismissed, with prejudice, with each party bearing its own costs, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, made applicable by Rule 7041 of the Federal Rules of Bankruptcy Procedure.

Dated: April ___, 2005

    Wilmington, Delaware

582394v1

| THE BAYARD FIRM | PRICKETT, JONES & ELLIOT P.A. |
|---|---|
| Daniel K. Astin (No. 4068)<br>Anthony M. Saccullo (No. 4141)<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br><br>*Counsel to Gary F. Seitz, as Chapter 11 Trustee for the Debtors.* | Bruce E. Jameson (No. 2931)<br>1310 King Street, Box 1328<br>Wilmington, DE 19899<br><br>and<br><br>LEWIS BRISBOIS BISGAARD & LEWIS, LLP<br>Richard George<br>Stephanie A. Nashban<br>100 Wall Street<br>Ninth Floor<br>New York, NY 10005 |

582394v1

# "EXHIBIT B"
(to the Settlement Agreement)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Gary Seitz, as Chapter 11 Trustee of E.SPIRE COMMUNICATIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> Sean Scarlis, Anthony Pompliano, David Piazza and Bradley Sparks, <br><br> Defendants. | : <br> : <br> : <br> : Civil Action No.: 05-107 (SLR) <br> : <br> : <br> : <br> : <br> : Adversary Case No.: 04-53928 (DDS) <br> : Bankruptcy Case No.: 01-0974 (DDS) <br> : |

### STIPULATION OF VOLUNTARY DISMISSAL

Gary F. Seitz, as Chapter 11 Trustee for the estate of E.spire Communications, Inc, a Delaware Corporation, and its subsidiaries and affiliates (collectively, the "Debtors") and Sean Scarlis, Anthony Pompliano, David Piazza and Bradley Sparks by and through their respective undersigned counsel, hereby stipulate and agree that the above-referenced proceeding is settled and hereby dismissed, with prejudice, with each party bearing its own costs, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

Dated: April ___, 2005

      Wilmington, Delaware

582390v1

| THE BAYARD FIRM | MORRIS, JAMES, HITCHENS & WILLIAMS |
|---|---|
| Charlene D. Davis (No. 2336)<br>Daniel K. Astin (No. 4068)<br>Anthony M. Saccullo (No. 4141)<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br><br>*Counsel to Gary F. Seitz, as Chapter 11 Trustee for the Debtors.* | Lewis H. Lazarus (No. 2374)<br>Douglas N. Candeub (No. 4211)<br>222 Delaware Avenue, 10th Floor<br>Wilmington, Delaware 19899<br><br>and<br><br>MAYER BROWN ROWE & MAW LLP<br>Richard A. Spehr<br>Joseph DeSimone<br>Leslie E. Chebli<br>1675 Broadway<br>New York, NY 10019<br><br>*Attorneys for Sean Scarlis and Bradley Sparks*<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL<br><br>Donna L. Culver (No. 2983)<br>Chase Manhattan Centre<br>1201 North Market Street<br>PO Box 1347<br>Wilmington, DE 19899<br><br>and<br><br>SCHNOFF & WEAVER, LTD.<br>Brian D. Roche<br>Jeffrey H. Bergman<br>Randall D. Lehner<br>30 South Wacker Drive<br>Chicago, IL 60606<br><br>*Attorneys for Anthony Pompliano and David Piazza* |

582390v1