# EXHIBIT A

**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
In re                                          :    Case No. 01-0974 (DDS)
                                               :    Chapter 11
E.SPIRE COMMUNICATIONS, INC., *et al.*         :    (Jointly Administered)
                                               :
                 Debtors.                      :
------------------------------------------------------------x
GARY SEITZ, as Chapter 11 Trustee,             :
of E.SPIRE COMMUNICATIONS, INC.,               :
                                               :    Adv. Pro. No. 04-55082 (DDS)
                 Plaintiff,                    :
                                               :
         v.                                    :
                                               :
NATIONAL UNION FIRE INSURANCE                  :
COMPANY OF PITTSBURGH, PA.,                    :
                                               :    Re: Docket Nos. 3728 & 3742
                 Defendant.                    :
------------------------------------------------------------x

**ORDER APPROVING COMPROMISE AND SETTLEMENT
BETWEEN THE TRUSTEE AND SEAN SCARLIS, ANTHONY POMPLIANO,
DAVID PIAZZA, BRADLEY SPARKS AND NATIONAL
UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA**

Upon the *Motion of Chapter 11 Trustee to Approve a Compromise and Settlement Between the Trustee and Sean Scarlis, Anthony Pompliano, David Piazza, Bradley Sparks and National Union Fire Insurance Company of Pittsburgh, Pa* (the "Motion")[1] filed by Gary F. Seitz, the chapter 11 trustee ("Chapter 11 Trustee") of e.Spire Communications, Inc., a Delaware corporation, and its subsidiaries and affiliates (collectively, the "Debtors"), for an Order approving the Settlement; and the Court having reviewed the Motion; it appearing to the Court that: (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (b) the Court finding that notice of the

---

[1] Each capitalized term not otherwise defined herein shall have the meaning ascribed to such term in the Motion.

585129v1                                1

Motion given by the Chapter 11 Trustee is appropriate under the circumstances; and (c) the Court being fully advised and having determined that the legal and factual basis set forth in the Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Chapter 11 Trustee shall be, and hereby is, authorized to enter into and perform his obligations under the Settlement.

3. The Settlement and the terms set forth therein shall be, and hereby are, APPROVED, and are incorporated as if fully set forth herein.

4. The Chapter 11 Trustee is hereby authorized to distribute to Wells Fargo Foothill, Inc. f/k/a Foothill Capital Corporation as agent to the debtor in possession lenders (collectively, the "DIP Lenders") the portion of the Settlement proceeds distributable to the DIP Lenders without a further Order of this Court, and the Chapter 11 Trustee is further authorized to distribute to The Bank of New York, as administrative agent to the Debtors' pre-petition secured lenders the ("Pre-Petition Lenders") the portion of the Settlement proceeds distributable to the Pre-Petition Lenders without further Order of this Court. The Chapter 11 Trustee is also authorized to distribute the Chapter 11 Trustee's commissions due and payable on the distribution of the Settlement proceeds as provided for by agreement with the DIP Lenders.

5.   The Court shall retain jurisdiction over any matter or dispute arising from or relating to the Settlement and/or implementation of this Order.

Dated: *April 25, 2005*

_____
The Honorable Donald D. Sullivan
United States Bankruptcy Judge